# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8649 | **DATE** | 11/13/2012 |
| **CASE TITLE** | Alan Sala (#2011-1021191) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice. Also, his complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim and that names a suable party. The clerk shall send Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply timely with this order will result in summary dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Alan Sala, currently confined at the Cook County Jail, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 naming the Cook County Department of Corrections as Defendant. Plaintiff alleges that, on November 30, 2011, while he was moving a bench to clean, he lost his grip and the bench fell on his big toe. Plaintiff was immediately taken to Cermak (the jail's onsite medical facility) for x-rays, which revealed that his toe was broken. Plaintiff was then taken to Stroger Hospital, but allegedly waited over eleven hours with his hands cuffed behind his back and no food. According to Plaintiff, the medical person at Stroger told him that nothing could be done for his toe. Plaintiff states that, two weeks later, he went to Stroger's foot clinic, where doctors told him that he had fractured every bone in his toe and that he should have been placed in a cast to immobilize it. Plaintiff then received a cast. Plaintiff seeks to proceed *in forma pauperis* ("IFP") in this court. He also seeks the appointment of counsel.

Plaintiff's IFP application is incomplete and must be denied. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows him to pay the filing fee with monthly deductions from his jail trust fund account. If the court grants a motion to proceed IFP, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must have the certificate part of the application filled out by an authorized officer and must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's current IFP application meets neither of these requirements. To proceed with this case, he must submit a completed application or prepay the $350 filing fee. His failure to do so will result in dismissal of this case. Local Rule 3.3(e).

As to Plaintiff's complaint, it cannot proceed forward. First, Plaintiff does not name a proper party as Defendant. The only named Defendant is the Cook County Department of Corrections, which is not an entity separate from Cook County and, thus, not a suable party that can be named as Defendant. *Castillo v. Cook County*

| STATEMENT |
|---|

*Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). To proceed with this case, Plaintiff must name a suable party as Defendant, such as the person or persons who allegedly acted with deliberate disregard to his condition. If Plaintiff does not know the names of those persons, he may refer to them as John or Jane Doe and name a supervisory official who may be able to identify them.

Second, perhaps because Plaintiff does not indicate who he seeks to sue, it is unclear what claims he seeks to raise. Plaintiff describes an unfortunate series of events but does not state whether he seeks to bring claims with respect to all or only some of events he alleges. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give sufficient notice to each Defendant of the claim being alleged against him or her and the grounds on which the claim is based).

As to Plaintiff's allegation that he waited eleven hours, handcuffed, in pain, and without food before being taken to Stroger, courts have held that similar situations, though uncomfortable, do not rise to the level of unconstitutional. *Curiel v. Stigler*, No. 06 C 5880, 2008 WL 904894 at *4-5 (N.D. Ill. Mar. 31, 2008) (Zagel, J.) (inmates cuffed for hours outside in uncomfortable heat and missing one or two meals did not rise to a level of an unconstitutional condition); *Key v. McKinney*,, 176 F.3d 1083, 1086 (8th Cir.1999) (prisoner who was restrained in handcuffs and shackles for 24 hours, making it more difficult for him to relieve himself, did not suffer a constitutional violation). These allegations in Plaintiff's complaint, at least as currently stated, do not state a claim.

If Plaintiff seeks to assert a claim against the medical person at Stroger who told initially informed Plaintiff that nothing could be done for his toe, the allegations as stated by Plaintiff are insufficient to sate a valid constitutional claim to support a § 1983 action. To state a constitutional claim, Plaintiff must assert facts that, if true, demonstrate both: (1) that he suffered an objectively serious medical condition; and (2) that the defendant acted with deliberate indifference to the condition, i.e., the defendant actually knew of the condition but disregarded it. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's contention that a medical person at Stroger should have placed a cast on Plaintiff's toe may state a claim of malpractice or gross negligence, but not deliberate indifference. When an inmate receives treatment for a condition, such treatment usually does not rise to the level of unconstitutional unless it"[wa]s so far out of bounds that it was blatantly inappropriate or not even based on medical judgment. " *King v. Kramer*, 680 F.3d 1013, 1019 (7th Cir. 2012). While the second doctor two weeks later indicated that a cast should have been applied, merely "a difference of opinion among physicians on how an inmate should be treated cannot support a finding of deliberate indifference." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint that names suable parties as Defendants, that states a valid claim, and that clarifies what claims he seeks to raise and how the Defendant was involved with the claim. The clerk shall send Plaintiff an amended complaint form. Plaintiff is advised that an amended complaint replaces prior complaints and must stand complete on its own. If accepted, the court will look to only the amended complaint, and not prior ones, to determine the claims and parties of this suit. Also, if Plaintiff submits an amended complaint, he must include a judge's copy and a service copy for each named Defendant.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Currently, the issues of this case are not complex, and Plaintiff appears to be competent to represent himself at this stage of the case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

For the reasons stated above, to proceed with this case, Plaintiff must both: (1) either prepay the $350 filing fee or submit a completed IFP application and (2) submit an amended complaint that both names suable parties as Defendants and that states a valid claim. Plaintiff shall have 30 days from the date of this order to comply. His failure to do so will result in the dismissal of this case.