# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8649 | **DATE** | 1/4/2013 |
| **CASE TITLE** | Alan Sala (#2011-1021191) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's submission of his trust fund account statement and certificate [9] is construed as his *in forma pauperis* ("IFP") application and is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. The clerk is directed to send a copy of his order to the trust fund officer at the Cook County Jail. Plaintiff's amended complaint [7] is dismissed without prejudice to Plaintiff submitting an acceptable amended complaint in accordance with this order. Plaintiff's failure to comply will result in the dismissal of this case. The clerk shall send Plaintiff another amended complaint form.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Alan Sala, currently confined at the Cook County Jail, has filed an amended complaint following this court's November 13, 2012, order. The amended complaint names Cook County Sheriff Tom Dart and Cermak Health Services as Defendants. Although Plaintiff does not discuss the incident resulting in his injury (his original complaint described an incident when a bench, which he was holding to clean under it, slipped and landed on his big toe), the amended complaint involves the same accident. Plaintiff seeks to hold Tom Dart liable for providing an unsafe and unclean work environment. Plaintiff also seeks to hold Cermak liable for making him wait over 11 hours before receiving any treatment and for a physician initially misdiagnosing that the toe was not broken. Before addressing whether Plaintiff's complaint satisfies the pleading requirement, the court must first determine if he has satisfies the filing fee requirement.

The court previously noted that Plaintiff submitted no trust fund account information nor a certificate from an authorized officer with his prior IFP application. On his second attempt to proceed *in forma pauperis*, Plaintiff does not submit a completed IFP form but only the certificate portion and a copy of his trust fund account statement. Although a completed form is usually required and piecemeal pleadings are not favored, the court accepts his trust fund account statement and a completed certificate section as his application. The court grants him IFP status for this case and assesses an initial partial filing fee of $1.50. The trust fund account officer at Plaintiff's place of confinement is directed to collect the partial filing fee from Plaintiff's trust fund account, when funds are available, and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain obligated for this filing fee and trust fund officers at his current location shall notify transferee authorities of any outstanding balance if Plaintiff is transferred.

## STATEMENT

The court has conducted its preliminary review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A. Under § 1915A, a court must conduct a preliminary review of every complaint filed by an inmate and dismiss the complaint, or any claim therein, if it is frivolous or malicious, fails to state a claim upon which this court can grant relief, or seeks monetary relief against parties immune from such relief. As noted in Plaintiff's prior complaint, Plaintiff injured his toe when a bench fell from his grip while he was clearing. Plaintiff allegedly waited 11 hours in handcuffs at Cermak Health Services (the medical facility located at the jail) before he received treatment. At that time, Cermak personnel did not diagnose a broken toe. Not until two weeks later, when Plaintiff was taken to Stroger Hospital, did he receive x-rays, which revealed that his toe was broken. At that time, he received appropriate treatment for his toe.

Plaintiff seeks to hold liable Tom Dart for not providing a clean, safe work environment and Cermak for making him wait 11 hours, handcuffed and without food or pain medication, before receiving any treatment and for not sending him to Stroger Hospital that day for further examination of his toe. Neither claim can proceed.

Not every adverse jail condition and delay of medical treatment amounts to a constitutional violation that supports a § 1983 action. Only deliberate indifference with respect to basic human needs like food, medical care, sanitation, and physical safety support a federal cause of action. To state a deliberate-indifference claim, a plaintiff must allege facts that, if true, would establish that (1) he had a serious medical condition or the conditions of his confinement were sufficiently serious that they denied him of the "minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference to those conditions, i.e., he actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir.2008), quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994).

As to Tom Dart, Plaintiff seeks to hold him liable for not "maintain[ing] an orderly and clean environment" and for not removing broken furniture. (Am. Compl. at 4.) A bench, even a defective one, slipping from Plaintiff's grasp, however, indicates neither a sufficiently serious condition nor any personal involvement by Dart. *See Farmer*, 511 at 834 (only deprivations of basic human needs such as food, clothing, shelter, medical care, sanitation, and physical safety trigger constitutional scrutiny); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 1996) (for a sheriff to be personally liable, he must have been involved in some way or the condition must have been so prevalent throughout the jail that his knowledge of its existence may be inferred). Plaintiff states no valid claims against Dart.

As to Cermak, it is not a suable entity that can be named as a Defendant. *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998). If Plaintiff seeks damages from those persons who caused him to wait 11 hours before receiving any treatment or those individuals responsible for Plaintiff not receiving x-rays until two weeks later to properly diagnose and treat his toe, Plaintiff may name those individuals as Defendants. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (delay with treating a painful, non-life-threatening condition can amount deliberate indifference to a serious medical need); *see also Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (treatment by a physician may amount to deliberate indifference if such treatment was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment"). If Plaintiff does not know the names of the individuals involved with such claims, he may refer to them as John or Jane Doe and include a supervisory official (such as the medical director of Cermak) in order to identify them. The Court notes, however, that to state a claim arising from the treatment that he received for the injury to his toe, plaintiff must (among other things) plausibly allege that the identified defendant(s) acted with deliberate indifference to his injury; merely negligent treatment does not suffice to state a constitutional claim. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("it is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference"); *see also Norfleet*, 439 F.3d at 396 (neither

| STATEMENT |
|---|
| a difference of opinion among physicians nor medical malpractice "give[s] rise to a constitutional violation" to support a § 1983 action; rather, the allegations must indicate deliberate indifference). <br><br> Accordingly, the amended complaint is dismissed without prejudice. Plaintiff will be afforded one more opportunity to state valid claims and name proper defendants. Plaintiff is given 30 days from the date of this order to submit an acceptable amended complaint. His failure to do so will result in dismissal of this case. <br><br> Plaintiff is again advised that an amended complaint replaces previously filed complaints and must stand complete on its own. The court will refer only to the amended complaint when determining the claims and parties to this case. Additionally, Plaintiff must submit a judge's copy and a service copy for each named Defendant. Additional copies may be requested if needed. |